UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SMITTY RANDY BELL,

    Plaintiff,

v.                                        Case No. 3:22cv23877-TKW-HTC

ALEJANDRO NICHOLAS
MAYORKAS

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Smitty Randy Bell, proceeding *pro se,* has filed this action against Defendant Secretary of the Department of Homeland Security, Alejandro Mayorkas, asserting claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. ECF Doc. 1. This matter is now before the Court on Defendant's Motion to Dismiss. ECF Doc. 17. Upon consideration, the undersigned respectfully recommends Defendant's motion be GRANTED.[1]

---

[1] Although the Court would normally give Plaintiff an opportunity to amend the complaint, the undersigned finds such an opportunity to be unwarranted here because Plaintiff did not file a response to the motion to dismiss, and thus, the Court could have granted the motion to dismiss by default. *See* N.D. Fla. Loc. R. 7.1(H).

## I. Background

Plaintiff is a heterosexual white male who worked for the Federal Emergency Management Agency ("FEMA") as a full-time employee from February 15, 2003, until October 7, 2016, when he "was wrongfully terminated … based on trumped up charges." ECF Doc. 1 at 6-7. After his termination, Plaintiff filed four complaints with FEMA's Office of Equal Rights. *Id*. He also sought reemployment with FEMA and worked in a "reservist-intermittent" position when he filed this case in December 2022. *Id*. at 5. However, Plaintiff has failed to obtain full-time employment with FEMA despite applying for 120 positions. *Id*. Plaintiff blames this failure in part on Luletha Cheatham, FEMA's African American Chief of Staff, who allegedly circulated Plaintiff's October 2016 termination memo to FEMA's hiring managers on September 8, 2020. *Id*. He also blames Thomas Howard for using "the termination memo as a false flag to prevent" Plaintiff from being rehired, as well as defaming Plaintiff and manipulating hiring selections to block his hiring. *Id.*

Based on the foregoing, Plaintiff alleges FEMA's failure to rehire him in a full-time position was due to discrimination and retaliation, in violation of Title VII. *Id*. 6-8. He seeks a variety of relief, including reinstatement to his full-time position, back pay and benefits, and damages for pain and suffering. *Id*. at 10.

## II. Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). However, "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id*. (quotations and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted).

## III. Discussion

### A. Discrimination

Title VII makes it unlawful for an employer to intentionally discriminate against its employees based upon personal characteristics including race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e-2(a). Because Plaintiff has not alleged any direct evidence of discrimination, he must establish a prima facie case by showing: (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside his classification more favorable; and (4) he was qualified to do the job. *Samuels v. Univ. of S. Ala.*, 153 F. App'x 612, 614 (11th Cir. 2005).[2]

Plaintiff's complaint fails to identify anyone outside his protected class who received more favorable treatment or allege any facts showing he was not hired for discriminatory reasons. *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 128 (11th Cir. 2019) (a plaintiff must demonstrate the proffered comparators are similarly situated in all material respects). Instead, Plaintiff states in purely conclusory fashion that Thomas Howard is a gay man who is targeting him and Luletha Cheatham is an African American woman who appears to be racist. ECF

---

[2] If the plaintiff establishes a prima facie case, the burden shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant then proffers a legitimate reason for the adverse employment action, the presumption against the defendant is rebutted, and the plaintiff must come forward with evidence that the reasons are mere pretext. *Id.* at 804.

Case No. 3:22cv23877-TKW-HTC

Doc. 1 at 4. These naked assertions do not support a claim for discrimination.[3] *See Nurse v. City of Alpharetta,* 775 F. App'x 603, 606 (11th Cir. 2019) (affirming dismissal and stating, "The problem with the pleadings, as the district court properly recognized, is that they are framed in a wholly speculative and conclusory way. The Plaintiff has alleged no facts whatsoever suggesting intentional discrimination."). Furthermore, there is nothing inherently discriminatory about the consideration of a prospective employee's prior work history. Thus, Plaintiff has failed to state a claim for discrimination under Title VII.

  B.  **Retaliation**

For Plaintiff's retaliation claim, he must show: (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is some causal relation between the two events. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d. 1361, 1363 (11th Cir. 2007). "A plaintiff may 'demonstrate a causal connection' by 'show[ing] that (1) the decision-maker knew of her protected activity, and (2) the protected activity and adverse action were not wholly unrelated.'" *Smith v. Outdoor Network Distribution, LLC*, 626 F. Supp. 3d 1320, 1346 (M.D. Ga. 2022) (quoting *Dixon v. DTA Sec. Servs.*, No. 20-12040, 2021 WL 5320987, at *3 (11th Cir. Nov. 16, 2021)).

---

[3] Both Plaintiff's discrimination claim and retaliation claim appear to be based on nothing more than speculation. As Plaintiff states, when he was not hired "with [his] superior qualification I felt something was not right, often referred to as a GUT feeling[.]" ECF Doc. 1 at 6.

Here, Plaintiff fails to allege any facts showing a causal connection between his "Equal Rights Complaints" and his failure to obtain full-time employment. He does not allege any of the individuals who failed to hire him were aware of his protected activity. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993) ("At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action."). Thus, Plaintiff has failed to state a claim for retaliation under Title VII.

Accordingly, it is RECOMMENDED:

1.  That Defendant's motion to dismiss, ECF Doc. 17, be GRANTED.

2.  That this case be DISMISSED WITHOUT PREJUDICE.

At Pensacola, Florida, this 11th day of July, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.